Little
v.
Meachum.

JONATHAN LITTLE *against* J. and P. MEACHUM.

On the hearing in damages upon default in ejectment brought to recover possession of lands holden by the levy of an execution, the mesne profits are to be computed *from the date of the levy of the execution,* and not from the six months allowed by the statute for the defendant to redeem.

EJECTMENT to recover possession of nineteen acres and nineteen perches of land set off to the plaintiff on execution.

Defaulted. Defendants to be heard in the assessment of damages. By agreement of parties, damages to be assessed by the Court.

The facts as they appeared to the Court were,

That at the *November* term of *Rutland* County Court, 1799, the plaintiff . recovered judgment against the present defendants for 501 dols. 70 cts. debt and costs; that on the 4th of *May*, 1800, he extended his execution on the lands described in the declaration, which were appraised at 339 dols. 84 cts. and legally set off to the plaintiff, in part satisfaction of the writ of execution; that on the 5th *November,* 1800, the plaintiff commenced the present suit.

The question made was, from what time the mesne profits should be computed; whether from the date of the levy of the execution, or from the 4th of *No-vember*, 1800, which was the day of the expiration of the *six months* allowed by the statute for the defendants to redeem.

*Daniel Chipman,* for the defendants, contended for the latter term.

*Vermont* Stat. vol. 1. p. 321.

. The 5th section of the act directing the levying and serving of executions, gives a right to a debtor whose lands are appraised and set off to satisfy an execution upon payment of the full sums of debt, da-

mages and costs in the writ of execution contained, with 12 per cent. interest, within the term of six months from the time the execution was extended to exonerate his lands from the levy.

The 6th section restrains the creditor from entering upon the lands until after the expiration of the six months, and, upon non-payment of the redemption money, empowers him to enter without any previous process or notice to the debtor.

It then charges the debtor or debtors, or their legal representatives remaining in possession, with the rents, profits and improvement of such estate, if it is not redeemed, the value of which shall, if the parties cannot agree, be determined by the appraisal of three judicious and disinterested freeholders. The tender of the sum rendered by the appraisal being made and kept good, shall be a sufficient bar to any action which may be brought for the mesne profits; and if the debtor or debtors shall refuse or neglect to pay such sum, the creditor shall have a right to an action on the case, founded on the statute to recover the same, with additional damages and costs.

Here it is manifest the action of ejectment will not lie, until after the expiration of the term of redemption, and that the Legislature, by providing another remedy for the creditor to recover the mesne profits accruing during the term of six months, have excluded the Court from the consideration of the rents, profits and improvements of the land extended upon during the term allowed for redemption under the action of ejectment.

If the plaintiff would have his remedy, he must pursue the statute process. He should first have en-

deavoured to agree with the defendants upon the va-
lue of the mesne profits.   Failing, he should have
procured appraisers, and have demanded the sum
found by the appraisal, and then he would be entitled
to recover *that sum;* not such sum as a Court or Jury
should find to be the value of the mesne profits; for
the statute had appointed another board to decide
this question, who, by ocular inspection of the land,
and by evidence acquired in the vicinity, might be
better able than a Court or Jury to decide with pre-
cision.

*Lott Hall, contra.*   Though the statute has point-
ed out a mode of ascertaining the value and for the
recovery of the mesne profits, it does not follow that
the plaintiff is deprived of his common law privilege
of having this point decided under the action of
ejectment.

According to the act, either party had the privi-
lege of pursuing the statute mode.   Here it appears
they have neither had recourse to it.   It will be there-
fore intended that they both meant to rest on the
common law mode.   This is confirmed by the re-
ference to this Court to assess the damages; for by
comparing the dates it will be found there can be no
other damages to be assessed than those including
the mesne profits accruing during the term allowed
the defendants for redemption, which expired on the
4th of *November*, 1800, and the plaintiff instituted
his present action of ejectment on the 5th of the same
month.

We conceive it to be well worthy the considera-
tion of this Court whether they will now turn the plain-

tiff over to a new action to recover the mesne profits, when without further expense the value of them can be here assessed.

Little<br>v.<br>Meachum.

The Court decided, that the plaintiff might shew in evidence the value of the mesne profits from the date of the levy of the writ of execution.

*Lott Hall* and *Cephas Smith*, Junior, for plaintiff. *Daniel Chipman*, for defendants.